NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY TYREE BROWN,

Plaintiff-Appellant,

v.

BERNARD WARNER; et al.,

Defendants-Appellees.

No. 15-35949

D.C. No. 2:13-cv-00130-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted February 27, 2018 [**]

Before:   THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Washington state prisoner Gregory Tyree Brown appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hebbe*

*v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (failure to state a claim under Fed. R.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civ. P. 12(b)(6)); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We may affirm on any basis supported by the record, *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004), and we affirm.

The district court properly dismissed Brown's "denial of self-defense" claims, retaliation claim based on his complaint of excessive force, and due process claims because Brown failed to allege facts sufficient to state a plausible claim. *See Hebbe*, 627 F.3d at 341–42 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Sandin v. Conner*, 515 U.S. 472, 486 (1995) ("[S]egregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of retaliation claim in prisoner context).

Dismissal of Brown's retaliation claims based on Brown's decision not to press charges or testify was proper because Brown failed to allege facts sufficient to state a plausible claim. *See Brodheim*, 584 F.3d at 1269.

The district court properly granted summary judgment on Brown's failure-to-protect claim because Brown failed to raise a genuine dispute of material fact as to whether defendant Westfall, Shodahl, or Cluever were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official

15-35949

cannot be found liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety"); *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (discussing requirements for failure-to-protect claim).

The district court correctly granted summary judgment against Brown with respect to his excessive force claims against defendants Shodahl and Cluever. Relying in part on video evidence of this incident, the district court found that Brown failed to raise any genuine disputes of material fact. Viewing the evidence, including the video recording of the incident, in the light most favorable to Brown, he failed to raise a triable dispute as to whether Shodahl and Cluever maliciously and sadistically used force against him. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (holding that "the core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"); *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (a court reviewing a summary judgment motion must "assume the truth of the evidence set forth by the nonmoving party").

In light of our disposition of Brown's excessive force claims, any amendment of Brown's complaint to allege an excessive force claim against Officer Flack would be futile. Accordingly, we affirm the denial of Brown's

motion for leave to file a third amended complaint. *See United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (denial of leave to amend reviewed for an abuse of discretion); *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 893 (9th Cir. 2010) (futility of amendment reviewed de novo).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

**AFFIRMED.**